UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EL POLLO LOCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> POLLO LOCO LATINO, INC., GONZALO AGUIRE SANCHEZ, ELIZABETH DOMINGUEZ FIERROS, and PRUDENCIO A. ALCANTAR, <br><br> Defendants. | No. 24-cv-03349 |

## COMPLAINT

Plaintiff El Pollo Loco, Inc. ("EPL"), by its attorneys, and as and for its Complaint against defendants Pollo Loco Latino, Inc., Gonzalo Aguire Sanchez, Eizabeth Dominguez Fierros, and Prudencio A. Alcantar (collectively, "Defendants"), states as follows:

### NATURE OF THE ACTION

1. EPL brings this action against Pollo Loco Latino, Inc. ("PLL"), its owners and managers Gonzalo Aguire Sanchez ("Sanchez") and Elizabeth Dominguez Fierros ("Fierros"), and Prudencio A. Alcantar ("Alcantar") its landlord and prior operator, for their unauthorized and unlawful use of the El Pollo Loco® name and marks at defendants' restaurant located at 751 N. Hickory St., Joliet, Illinois 60435 (the "Restaurant").

2. EPL is the franchisor of the chain of fast-casual restaurants offering flame-broiled food items and related products under the El Pollo Loco® name and marks – each in accordance with EPL's distinct system.

3. Defendants have ignored and continue to ignore EPL's requests that they discontinue using the El Pollo Loco® trade name and service marks.

4. Accordingly, EPL now seeks an injunction ordering, among other things, that defendants immediately stop infringing upon EPL's valuable and well-known name and marks. EPL also seeks damages for defendants' blatant acts of trademark infringement.

## JURISDICTION AND VENUE

5. The Court has original subject matter jurisdiction of this action pursuant to §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Service Mark Infringement) and 1125(a) (Unfair Competition and False Description) pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to U.S.C. § 1391(b), as a substantial part of the events giving rise to this action occurred in this judicial district.

## THE PARTIES

7. EPL is a Delaware corporation with its principal place of business in Orange County, California, and it is the franchisor of the El Pollo Loco® franchised businesses.

8. Defendant PPL is an Illinois corporation with its principal place of business in Joliet, Illinois.

9. Defendants Sanchez, Alcantar, and Fierros are individuals residing in or around Joliet, Illinois.

10. The subject Restaurant at issue in this lawsuit is located at 751 N. Hickory St., Joliet, Illinois 60435.

11. Except as may be indicated to the contrary, PLL, Sanchez, Fierros, and Alcantar are referred to collectively as "Defendants," herein.

12. At all times mentioned herein, Defendants, and each of them, were the agents,

2

servants and employees of each of the remaining Defendants and were, in doing the things complained of, acting within the scope of their agency and/or employment, and acting with the full knowledge or subsequent ratification of their principals or employers.

## FACTUAL BACKGROUND

**A.     EPL's Operations and Marks**

13.    EPL is a franchisor of the chain of fast-casual restaurants offering the sale of flame-broiled food items and related products in connection with the "El Pollo Loco®" name and EPL's distinctive operation.

14.    At all times herein relevant, EPL has continually used the name "El Pollo Loco®" as its trade name and service mark in connection with its offer, sale and operation of the El Pollo Loco® businesses.

15.    EPL is the owner of the following marks, among numerous others, registered on the Principal Register of the United States Patent and Trademark Office (the "EPL Marks"):

| Registration Number | Trademark | Registration Date |
|---|---|---|
| 5921556 | EL POLLO LOCO | November 26, 2019 |
| 5716971 | EL POLLO LOCO | April 2, 2019 |
| 5267575 | EL POLLO LOCO | August 15, 2017 |
| 3162229 | EL POLLO LOCO | October 24, 2006 |
| 3262641 | EL POLLO LOCO | July 10, 2007 |

16.    Since its first use, the name "El Pollo Loco" and EPL's Marks have become associated with the business of selling flame-broiled food items and related products. As a result, EPL owns common law trade name rights and trademark rights in the name "El Pollo Loco®" and the EPL Marks. By virtue of the long use, promotion, and the resulting fine public reputation of the trade name "El Pollo Loco®," there exists secondary meaning in the name "El Pollo Loco®" and the EPL Marks in that the public associates the food items and related products sold in

connection with the "El Pollo Loco®" trade name and EPL Marks as originating from a single source.

17. EPL's franchising and related restaurant operations have been advertised and performed by El Pollo Loco® franchisees under the El Pollo Loco® trade name and the EPL Marks. Undeniably, the EPL Marks and trade name have become a valuable asset of substantial and inestimable worth to EPL as a symbol of quality food offerings, including its high reputation as a source of flame-broiled chicken and Mexican food.

18. EPL has a vital economic interest in protecting its name and the EPL Marks. The preservation and protection of its name and the EPL Marks are essential to the maintenance of the quality of EPL franchisees and the goodwill and reputation associated with them.

**B.     PLL's unauthorized use of the EPL Marks**

19. On or about December 2023, EPL was made aware of a restaurant in Illinois potentially infringing on the EPL Marks. After investigating, EPL determined that the branding and signage in use at this restaurant was clearly infringing on the EPL Marks. A photo example of the infringing branding is shown below with Defendants' sign (left) and EPL's sign (right).

 

20. On or about December 2023, the Restaurant was run by Pollo Loco Inc., an Illinois corporation, owned and operated by Alcantar.

21. On December 8, 2023, EPL sent a cease and desist letter to Alcantar to stop

4

Alcantar's infringing use of the EPL Marks. EPL did not receive a response.

22. On January 19, 2024 EPL sent a second letter to Alcantar to cease and desist the infringing use of the EPL Marks. Again, EPL received no reply.

23. At some point between December 2023 and February 2024, ownership of the Restaurant passed from Pollo Loco Inc to PLL and its owners Sanchez and Fierros. Pollo Loco Inc. was dissolved on February 7, 2024.

24. On February 5, 2024, a cease and desist letter was sent to PLL to demand they stop their infringing use of the EPL Marks. No response was received.

25. On February 9, 2024, a final cease and desist letter was sent to Alcantar as EPL was not yet aware of Pollo Loco Inc.'s dissolution, but Alcantar remains the landlord of the Restaurant.

## COUNT I
## SERVICE MARK INFRINGEMENT
### 15 U.S.C. § 1114
(Against All Defendants)

26. EPL repeats, realleges and incorporates by reference all previous paragraphs of its Complaint as though fully set forth herein.

27. EPL owns incontestable federal registrations for several service marks – reproduced above – which are registered in the United States Patent and Trademark Office pursuant to the Lanham Act (15 U.S.C. §§ 1051 and 1053) (the "EPL Marks").

28. EPL has given notice to the public of the registration of the EPL Marks as provided in the Lanham Act, 15 U.S.C. § 1111. In addition, the registration of the EPL Marks operates as constructive notice, to Defendants and anyone else, of EPL's claim of ownership of the EPL Marks, pursuant to 15 U.S.C. § 1072.

29. Accordingly, this Court should order temporary, preliminary and permanent injunctions preventing Defendants from continuing to use the EPL Marks.

30. Defendants should be ordered to deliver or destroy all signage, brochures, promotional materials, letterhead, business cards, and any other materials bearing colorable imitations of the EPL Marks.

31. Defendants should also be ordered to restore and/or disgorge to EPL all money, property or other benefits gained by them as a direct and proximate result of their unauthorized use of EPL's service marks and trade name.

## COUNT II
## FALSE DESIGNATION/UNFAIR COMPETITION
### 15 U.S.C. § 1125(A)
(Against All Defendants)

32. EPL repeats, realleges and incorporates by reference all previous paragraphs of its Complaint as though fully set forth herein.

33. Defendants' acts, practices, and conduct constitute unfair competition, and false designation of origin and false or misleading representation in interstate commerce, which wrongly and falsely designates, describes and represents the origin of Defendants' goods and services as originating from or being connected with EPL, and is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection, or association with EPL, or as to the origin, sponsorship, or approval of Defendants' goods and services by EPL.

34. Defendants' acts are in violation of 15 U.S.C. § 1125(a).

35. Defendants have caused and will continue to cause irreparable injury to EPL, if not restrained. EPL has no adequate remedy at law, and therefore seeks injunctive relief under 15 U.S.C. § 1116.

36. Defendants acts of infringement of the EPL marks have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

37. EPL is entitled to recover from Defendants damages allowed under 15 U.S.C. § 1117, including but not limited to compensatory damages suffered as a result of Defendants' acts of unfair competition, disgorgement of Defendants' profits, trebled profits or damages (whichever amount is greater), reasonable attorneys' fees, costs, and prejudgment interest.

## COUNT III
## TRADEMARK INFRINGEMENT
### Illinois Trademark Registration and Protection Act
### 765 ILCS 1036/60 et seq.
(Against All Defendants)

38. EPL repeats, realleges and incorporates by reference all previous paragraphs of its Complaint as though fully set forth herein.

39. Defendants' acts, practices, and conduct constitute an infringing use in Illinois and in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the EPL Marks, and are likely to cause confusion or mistake or to deceive the public as to the sponsorship, approval, affiliation, or connection of Defendants' and EPL's businesses, inasmuch as it gives rise to the incorrect belief that Defendants' business has some connection with EPL. These acts constitute trademark infringement causing damage to EPL.

40. As a direct and proximate result of Defendants' infringement, EPL has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues, profits, and diminished goodwill.

41. These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to EPL for which it has no adequate remedy at law.

42. EPL has no adequate remedy at law because the EPL Marks are unique and represent to the public EPL's identity, reputation, and goodwill, such that damages alone cannot fully compensate EPL for Defendants' misconduct.

43. Unless enjoined by the Court, Defendants will continue to use and infringe the EPL Marks, to EPL's irreparable injury. This threat of future injury to EPL's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the EPL Marks, and to ameliorate and mitigate EPL's injuries.

## COUNT IV
## ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT
(Against All Defendants)

44. EPL repeats, realleges and incorporates by reference all previous paragraphs of its Complaint as though fully set forth herein.

45. EPL has the exclusive rights, title and interest in the distinctive food sale and franchise businesses, service marks, trade names, copyrights, and all ancillary signs, symbols or other indicia used in connection or conjunction with said marks used in the El Pollo Loco® system by virtue of EPL's extensive sale and distribution of products and services bearing such service marks, trade names, copyrights, and all ancillary signs, symbols, or other indicia used in connection or conjunction with said marks (collectively the "EPL Common Law Marks"), as set forth in the preceding paragraphs of this Complaint.

46. Defendants unauthorized use of the EPL Common Law Marks constitutes service mark infringement and unfair competition in violation of Illinois common law.

47. Defendants' unauthorized use causes confusion and mistake in the minds of the trade and the purchasing public as to the source of the infringing products and services and to cause the public to believe Defendants' infringing products and services are authentic products and services of EPL when, in fact, they are not.

48. By such actions in infringing the EPL Common Law Marks, Respondents are improperly trading upon EPL's reputation and goodwill and are impairing EPL's valuable rights

8

to the EPL Common Law Marks.

49. As a direct and proximate cause of all of the conduct described above, EPL has been damaged in an amount to be determined at trial.

50. Further, EPL has no adequate remedy at law. Defendants' conduct has caused and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of EPL and the EPL Common Law Marks and to the business, reputation, and goodwill of EPL.

51. By reason of the foregoing, EPL is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of service mark infringement.

**COUNT V**
**ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT ("ICFA")**
**815 ILCS 505/1 et seq.**
(Against All Defendants)

52. EPL repeats, realleges and incorporates by reference all previous paragraphs of its Complaint as though fully set forth herein.

53. Defendants' unauthorized use of the EPL Marks, as alleged herein, has caused, and is likely to cause in the future, a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, or connection of Defendants' and EPL's businesses, inasmuch as it gives rise to the incorrect belief that Defendants' business has some connection with EPL. These acts constitute deceptive trade practices in the course of Defendants' business causing damage to EPL, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 505/1, *et seq*.

54. These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to EPL for which it has no adequate remedy at law.

55. EPL has no adequate remedy at law because the EPL Marks are unique and represent to the public EPL's identity, reputation, and goodwill, such that damages alone cannot

fully compensate EPL for Defendants' misconduct.

56. Unless enjoined by the Court, Defendants will continue to use and infringe the EPL Marks, to EPL's irreparable injury. This threat of future injury to EPL's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the EPL Marks, and to ameliorate and mitigate EPL's injuries.

## COUNT VI
### DECEPTIVE TRADE PRACTICES
**815 ILCS 510/1 et seq.**
(Against All Defendants)

57. EPL repeats, realleges and incorporates by reference all previous paragraphs of its Complaint as though fully set forth herein.

58. Defendants' actions constitute deceptive trade practices, in violation of 815 ILCS 510/1 *et seq.*

59. These acts have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury to EPL for which it has no adequate remedy at law.

60. EPL has no adequate remedy at law because the EPL Marks are unique and represent to the public EPL's identity, reputation, and goodwill, such that damages alone cannot fully compensate EPL for Defendants' misconduct.

61. Unless enjoined by the Court, Defendants will continue to use and infringe the EPL Marks, to EPL's irreparable injury. This threat of future injury to EPL's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the EPL Marks, and to ameliorate and mitigate EPL's injuries.

### PRAYER FOR RELIEF

**WHEREFORE**, EPL prays for judgment in its favor as follows:

A. For compensatory damages in amount to be proven at trial;

B.      For treble damages;

C.      For immediate, preliminary, and permanent injunctive relief, enjoining Defendants, and those acting in concert with them, from using the EPL Marks or trade name, or any confusingly similar variation thereof, for any purpose; and

D.      Restore and/or disgorge to EPL all money or property or other benefits gained by Defendants as a direct and proximate result of their use of EPL's Marks, trade name, or other use of EPL's intellectual property;

E.      For reasonable costs and attorneys' fees incurred in this action; and

F.      For such other and further relief as the Court may deem just and proper.

Date: April 19, 2024

EL POLLO LOCO, INC.

By:   /s/ *Fredric A. Cohen*_____
        One of its attorneys

Fredric A. Cohen
CHENG COHEN LLC
363 W. Erie Street, Suite 500
Chicago, IL 60654
(312) 243-1701
(312) 277-3961
fredric.cohen@chengcohen.com

-and-

Kevin A. Adams, (*pro hac vice forthcoming*)
MORTENSON TAGGART ADAMS LLP
300 Spectrum Center Drive, Suite 1200
Irvine, California 92618
(949) 774-2224
(949) 774-2545 (fax)
kadams@mortensontaggart.com